IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ARTIS BAINES,

       Petitioner,

v.                                               Civil Action No. 3:08cv459

BRYAN WATSON,

       Respondent.

## MEMORANDUM OPINION

Petitioner Artis Baines, a Virginia inmate proceeding *pro se*, brings this petition for a writ

of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] Baines challenges his conviction

for first degree murder.  Respondent filed a Rule 5 Answer and Motion to Dismiss, providing

Baines with appropriate *Roseboro*[2] notice.  Respondent contends that the statute of limitations

bars this action.  Baines responded to the motion, and the matter is ripe for adjudication.

Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254.

### I. Procedural History

On November 30, 1995, Baines was convicted in the Henrico County Circuit Court of

first degree murder.  On February 8, 1996, the Circuit Court sentenced Baines to 50 years of

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
> entertain an application for a writ of habeas corpus in behalf of a person in
> custody pursuant to the judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

incarceration with 22 years suspended.  Baines pursued direct appeal of his conviction, and the Supreme Court of Virginia refused his petition for appeal on May 30, 1997.  (Pet'r's Br. Opp'n Resp't's Mot. Dismiss, Ex. A.)  (Docket No. 16.)

On April 16, 1999, Petitioner filed his first petition for a writ of habeas corpus in the Supreme Court of Virginia, which was denied on June 30, 1999.  Petitioner filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia on May 5, 2000.  The Supreme Court of Virginia denied that petition on June 22, 2000.  Petitioner filed a third petition for a writ of habeas corpus in the Supreme Court of Virginia on February 6, 2008.  On February 29, 2008, the Supreme Court of Virginia denied this third petition as time barred and successive.

On July 7, 2008, Baines filed his present Petition in the United States District Court, Eastern District of Virginia.[3]  Baines raises four claims, which he states in his Petition as follows:

Claim One:     Sixth Amendment is a guaranteed right to effective assistance of counsel and without effective assistance of counsel, court does not have jurisdiction for adjudication.

Claim Two:     Fraud and deceit of trial counsel amounted to ineffective assistance of counsel at trial which makes petitioner's conviction void and [] subject matter jurisdiction can be raised at any time.

Claim Three:  Violation of petitioner Brady rights by government failure to disclose exculpatory impeachment evidence[.]

Claim Four:    To protect the Petitioner's 6th and 14th Amendment Rights, Federal review of petitioner's claim is necessary to prevent a fundamental miscarriage of justice.

(Pet. 6-11 (capitalization corrected).)

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. Analysis

### A.    Time Bar

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period

of limitation for the filing of a petition for a writ of habeas corpus by a person in custody

pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1.    Claims Barred by § 2244(d)(1)(A)

Baines's conviction became final on August 28, 1997.[4] Under the applicable AEDPA

one-year limitation period, Baines had until August 28, 1998, to file a federal petition for a writ

of habeas corpus. Baines filed his first state petition for a writ of habeas corpus on April 16,

1999,[5] and did not file his federal habeas petition until July 7, 2008. His petition is therefore

time barred unless one of the other provisions of the AEDPA's statute of limitations applies. 28

U.S.C. § 2244(d)(1)(A).

### 2.    Claims Barred by § 2244(d)(1)(D)

Claims One, Two, and Three warrant evaluation under § 2244(d)(1)(D) because Baines

suggests that he did not discover the factual predicate of those claims until after his conviction

became final for purposes of § 2244(d)(1)(A). He states that he did not become aware of the

alleged fraud and deceit of his counsel forming the basis of his ineffective assistance of counsel

claims until after he filed his first state habeas petition in April 1999. (Mem. Law Supp. Writ of

Habeas Corpus 16.) (Docket No. 2.) In June 1999, Baines learned from his trial counsel's

affidavit in response to his first state habeas petition that his trial counsel "never believe[d] in the

petitioner's defense, never had the material exculpatory evidence examined to prove the

---

[4] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Baines had 90 days from the May 30, 1997 decision by the Supreme Court of Virginia to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13(1); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, Baines's time for seeking direct review expired on August 28, 1997.

[5] Because the one-year period had already run by the time he filed his first state habeas petition, neither that petition nor his subsequent state habeas petitions entitled Baines to any statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2). *See Davis v. Johnson*, No. 7:07cv89, 2007 WL 2029306, at *1 n.2 (W.D. Va. July 10, 2007).

4

petitioner's defense of self-defense or that he would intentionally keep petitioner's witness from testifying at trial." (Mem. Law Supp. Writ of Habeas Corpus 23.) As to Claim Three, Baines states that he did not discover until March 28, 2002, and August 16, 2004 (when two individuals provided affidavits), evidence that the "government failed to disclose [the] deal made between the prosecution and its key witness." (Mem. Law Supp. Writ of Habeas Corpus 23.)

Assuming without finding that Baines exercised due diligence to discover the factual predicates of his claims, the statute of limitations nonetheless bars those claims because Baines did not file a federal habeas petition until over four years after the last relevant material facts predicating his habeas claims became known to him. Baines was not entitled to any statutory tolling during the pendency of his third state habeas petition, filed in 2008, because the statutory tolling period had already elapsed under 28 U.S.C. § 2244(d)(1)(D). Additionally, the Supreme Court of Virginia dismissed that petition as time barred, rendering it improperly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); 28 U.S.C. § 2244(d)(2). Therefore, Baines's petition is time barred unless he demonstrates entitlement to equitable tolling of the limitation period. 28 U.S.C. § 2244(d)(1)(D).

### B. Equitable Tolling

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on

5

time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Baines makes no valid argument as to why the Court should equitably toll the statute of limitations on his federal petition for writ of habeas corpus. He first suggests that this Court may review his petition despite his failure to comply with the AEDPA's statute of limitations because failure to do so would constitute a fundamental miscarriage of justice.[6] He also implicitly argues entitlement to equitable tolling because the Circuit Court lacked subject matter jurisdiction due to the ineffective assistance of his trial counsel alleged in Claims One and Two. (Pet. 6, 7, 14.) This argument provides no basis for tolling the AEDPA's statute of limitations, and it is doubtful that it would constitute a basis for federal habeas relief in these circumstances.[7]

---

[6] The "fundamental miscarriage of justice exception" permits review of otherwise procedurally barred claims only in those "extraordinary instances" where the petitioner "makes a proper showing of actual innocence." *Turner v. Jabe*, 58 F.3d 924, 931-32 (4th Cir. 1995) (citations omitted). Moreover, "to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). Baines's professions that he acted in self-defense do not constitute the sort of reliable evidence necessary to support a colorable claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (*citing Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

[7] "Whether a state court has subject matter jurisdiction over an offense is a question of state law." *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007). A claim that a state court lacks jurisdiction under state law presents no federal constitutional issue for habeas review. *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969). For that reason, Baines's underlying claims would not be cognizable on habeas review. *See Roach v. Angelone*, 176 F.3d 210, 216 (4th Cir. 1999); *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998). Baines raised the argument that the Circuit Court lacked subject matter jurisdiction over his trial in his third petition for a writ of habeas corpus to the Supreme Court of Virginia. (Pet. 5.) The Supreme Court of Virginia dismissed that petition on the grounds that the petition was time barred and successive.

Baines states no circumstance that prevented him from filing his federal petition on time. Therefore, Baines's Petition contains no grounds for an equitable tolling of the statute of limitations under the standard for equitable tolling.

### III. Conclusion

Based on the foregoing reasons, the Court finds Baines's Petition barred by the AEDPA's statue of limitations. Respondent's Motion to Dismiss (Docket No. 9) will be GRANTED. Baines's Motion for Production of Documents (Docket No. 12) will be DENIED AS MOOT. The Petition (Docket No. 1) will be DISMISSED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5/1/09

7